# United States Court of Appeals
## *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Michael E. Gans**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

March 02, 2023

Mr. Bradley Wilders
STUEVE & SIEGEL
Suite 200
460 Nichols Road
Kansas City, MO  64112

     RE:  21-3738  Lindenwood Female College v. Zurich American Insurance Co.

Dear Counsel:

     The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion.

     Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

                            Michael E. Gans
                            Clerk of Court

MTB

Enclosure(s)

cc:    Ms. Debra L. Bogo-Ernst
       Mr. Brett A. Emison
       Mr. James Kent Emison
       Mr. Joseph M. Feierabend
       Mr. Patrick Florian Hofer
       Mr. Gregory J. Linhares
       Mr. Richard Frank Lombardo
       Mr. Matthew W. Lytle
       Ms. Abby E. McClellan
       Mr. Archis Ashok Parasharami
       Mr. Bronwyn F. Pollock

Ms. Gabriela A. Richeimer
Mr. John J. Schirger
Mr. Michael Anthony Scodro
Mr. Douglas Allen Smith
Mr. Patrick Joseph Stueve
Mr. Evan M. Tager
Mr. Timothy J. Wolf

    District Court/Agency Case Number(s):   4:20-cv-01503-HEA

# United States Court of Appeals
### *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

March 02, 2023

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

   RE:  21-3738  Lindenwood Female College v. Zurich American Insurance Co.

Dear Sir or Madam:

  A published opinion was filed today in the above case.

  Counsel who presented argument on behalf of the appellant and appeared on the brief was Bradley Wilders, of Kansas City, MO. The following attorney(s) appeared on the appellant brief;  Patrick Joseph Stueve, of Kansas City, MO.

  Counsel who presented argument on behalf of the appellee and appeared on the brief was Patrick Florian Hofer, of Washington, DC. The following attorney(s) appeared on the appellee brief;  Michael Anthony Scodro, of Chicago, IL.,  Timothy J. Wolf, of Saint Louis, MO., Douglas Allen Smith, of Los Angeles, CA.,  Timothy A. Carroll, of Morristown, N.J., and Gabriela Richeimer, of Washington, DC.

  The judge who heard the case in the district court was Honorable Henry Edward Autrey. The judgment of the district court was entered on November 1, 2021.

  If you have any questions concerning this case, please call this office.

       Michael E. Gans
       Clerk of Court

MTB

Enclosure(s)

cc:  MO Lawyers Weekly

   District Court/Agency Case Number(s):  4:20-cv-01503-HEA

# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3738
_____

Lindenwood Female College, doing business as Lindenwood University

*Plaintiff   Appellant*

v.

Zurich American Insurance Company

*Defendant   Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 21, 2022
Filed: March 2, 2023

_____

Before GRUENDER, MELLOY, and ERICKSON, Circuit Judges.
_____

MELLOY, Circuit Judge.

Lindenwood Female College (Lindenwood) asserted class action claims against its casualty insurer, Zurich American Insurance Company (Zurich), alleging a wrongful denial of coverage for COVID-19 business interruption at its Missouri and

Illinois properties.  The district court[1] granted Zurich's motion to dismiss, finding no plausible allegation of coverage.  Fed. R. Civ. P. 12(b)(6).  We affirm.

Lindenwood, like many other entities, temporarily restricted in-person services and activities in 2020 due to COVID-19 concerns.  Later, Lindenwood sought coverage under several provisions of its policy, all of which directly or indirectly depended on the occurrence of "physical loss" or "physical damage."

Our Court and many others have rejected this type of claim, holding COVID-19 business interruptions were due to changed conditions and circumstances that did not result from, or cause, qualifying property loss or damage.  See, e.g., Planet Sub Holdings, Inc. v. State Auto Prop. & Cas. Ins. Co., 36 F.4th 772, 776 (8th Cir. 2022); Monday Restaurants v. Intrepid Ins. Co., 32 F.4th 656, 658 (8th Cir. 2022); Oral Surgeons, P.C. v. Cincinnati Ins. Co., 2 F.4th 1141, 1144 (8th Cir. 2021).  In Oral Surgeons, and in subsequent cases, we held that physical loss or damage to property required, "some physicality to the loss or damage of property—*e.g.* a physical alteration, physical contamination, or physical destruction."   2 F.4th at 1144. Because allegations in our earlier cases did not identify any such physical alteration, contamination, or destruction, we found no coverage.

In an effort to distinguish its claims from those that have come before, Lindenwood argues that it has plausibly alleged the virus was physically present on its property and altered its property by attaching to physical surfaces and requiring cleaning. Zurich counters that viral presence and associated increased cleaning does not satisfy the Oral Surgeons physicality requirement.  Zurich points to policy language defining the applicable time period for time-of-loss/business-interruption liability as being tied to the time required for repair or replacement.  According to

---

[1]The Honorable Henry Edward Autrey, United States District Judge for the Eastern District of Missouri.

-2-

Zurich, this does not mean simply the time required for routine or even deep cleaning. Zurich characterizes arguments to the contrary as attempts to convert an insurance policy into a maintenance contract. Zurich also notes that Lindenwood did not assert claims for restoration or cleaning costs. Lindenwood responds that, to the extent Zurich challenges its allegations regarding the nature or extent of cleaning or remedial steps, Zurich identifies a jury question not appropriate for resolution at the motion-to-dismiss stage.

Our job on appeal is to interpret the insurance contract according to its plain terms. Oral Surgeons, 2 F. 4th at 1143 ("We must construe the policy to give effect to the intent of the parties . . . determined by the language of the policy itself, unless there is ambiguity." (citations omitted)).  An ambiguity exists only if "genuine uncertainty" remains as to which of two or more reasonable interpretations is proper after a full analysis using all proper rules of interpretation. Id.  And, in "[c]onstruing an insurance policy, this court must give each term its ordinary, lay meaning unless the policy expressly defines a term in a technical manner." Monday Restaurants, 32 F.4th at 658 (citations omitted).  In addition, we must accept Lindenwood's well-pleaded facts as true, but we need not give deference to conclusory allegations or bare legal assertions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Against this backdrop, dismissal remains proper if Lindenwood has failed to allege sufficient facts to state "a claim to relief that is plausible on its face." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Applying these standards, we harbor serious doubt that Lindenwood's "viral presence" theory satisfies the physicality requirement or that the current factual allegations satisfy Iqbal's plausibility standard.  When previously rejecting similar claims, our Court noted the absence of allegations regarding the physical presence of COVID-19 at an insured's property.  See, e.g., Monday Restaurants, 32 F.4th at 658 ("Neither business alleges COVID-19 was physically present on its premises or that anything physical happened to its properties.").   But, we have not held that

-3-

allegations of the virus's presence, standing alone, satisfy the Oral Surgeons standard. Regardless, we need not resolve this particular aspect of the present dispute. Even if Lindenwood's allegations of a viral presence satisfied the "physicality" requirement, other policy language clearly and unambiguously bars coverage in this case.

Specifically, the policy contains a contamination exclusion that expressly references viral contamination. By any theory consistent with Lindenwood's allegations, the present claims allege contamination and fall within this exclusion. But, as a last argument, Lindenwood asserts an amendatory endorsement applies and exempts its claims from the exclusion.

The exemption at issue is found in one of thirty-plus state-specific endorsements—the Louisiana endorsement. The district court found, and Zurich argues, the Louisiana endorsement is geographically limited and inapplicable to Lindenwood's insured property in Illinois and Missouri.

Lindenwood, however, characterizes the reference to Louisiana as a mere title and cites a policy provision stating that "titles of the various provisions and endorsements are solely for reference and shall not in any way affect the provisions to which they relate." Lindenwood also notes that the Louisiana endorsement does not otherwise expressly state that its terms are limited solely to insured property in Louisiana. As such, Lindenwood argues the reference to "Louisiana" is a mere title that implies no geographic limitation and serves only as a label for the parties' reference. In further support of this argument, Lindenwood notes that some of the other state-specific endorsements actually include express geographic limitations beyond the simple identification of the state. Finally, Lindenwood argues its interpretation must be correct—or at least create an ambiguity—because Zurich has since amended the endorsement to include an express geographic limitation.

-4-

While not frivolous, we conclude that Lindenwood's argument fails to identify an ambiguity.  In our view no lay person—no reasonable insured—could look at the policy as a whole and fail to appreciate that the state-specific endorsements are intended to apply in the respective states.  The references to Louisiana and other states are not mere titles; they serve to establish the structure of the policy as a whole. And it would simply make no sense to define a contamination exclusion with express reference to viral contamination in the main body of the policy only to wholly eliminate that same exclusion nationwide in later endorsement that references an individual state.

Because the viral contamination exclusion applies and the exemption does not, we affirm the judgment of the district court.

_____

-5-